[No. 21217. Department One. June 8, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. LEM SMYTHE, *Appellant*.[1]

[1] CONTINUANCE (15, 18)—ABSENCE OF WITNESS—MATERIALITY—DILIGENCE IN PROCURING ATTENDANCE. It is not an abuse of discretion to deny a continuance on account of the absence of two witnesses, where there was no diligence in subpoenaing one before he left the state, and no clear statement as to what the other would testify to, if present.

[2] EVIDENCE (18)—WITNESSES (99)—IMPEACHMENT—MENTAL CAPACITY—JUDICIAL NOTICE. It is not error to refuse to allow the impeachment of a witness by showing that he was subject to epileptic fits, in the absence of any proof as to the effect of epilepsy on the mind or memory; since the courts cannot take judicial notice of the effect, if any.

[3] CRIMINAL LAW (137)—INTOXICATING LIQUORS (49)—EVIDENCE—ADMISSIBILITY—HEARSAY. In a prosecution for manufacturing liquor, it is hearsay and incompetent to prove the statement of a third person that he had owned the still, where he was not in possession, and the time and place was not fixed with definiteness.

[4] CRIMINAL LAW (168)—CONFESSIONS—THREATS AND FEAR. Admissions of the accused's ownership of a still are not shown to have been made under the influence of fear produced by threats,

[1] Reported in 268 Pac. 133.

3—148 WASH.

by the fact that, at the time of the arrest, the officer slapped the accused's face and called him names.

[5] WITNESSES (101-2)—WHO MAY BE IMPEACHED AS TO CHARACTER. Boys, about sixteen years of age, testifying for the state in a liquor case, cannot be impeached by showing that their parents had been convicted of violation of the prohibition laws.

[6] INTOXICATING LIQUORS (28, 49)—MANUFACTURE—EVIDENCE—ADMISSIBILITY. In a prosecution for manufacturing intoxicating liquor with intent to sell, a pint bottle half full of moonshine, found on defendant's person when arrested at a distance from the still, is admissible.

[7] COSTS (57)—TAXATION—RETAXATION BY COURT. A cost bill covering statutory costs will not be struck out for failure to serve it, where it appears that the clerk would retax the same statutory costs.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered November 25, 1927, upon a trial and conviction of the unlawful manufacture of intoxicating liquor. Affirmed.

*P. C. Kibbe,* for appellant.

*W. J. Milroy* and *Leonard E. Top,* for respondent.

TOLMAN, J.—Appellant was charged, tried and convicted in a justice court of the crime of manufacturing moonshine whiskey with intent to sell. He appealed from that conviction to the superior court for Thurston county and was again convicted. Now, by appeal, he brings the case here for review. Numerous errors are assigned, some of which require no discussion. Those principally relied upon will be treated in the order of their presentation.

[1] After the conviction in justice court, and two days before the time set for trial in the superior court, appellant caused subpoenas to be issued for two persons who had been referred to in the state's evidence given before the justice, but who had not there testified. They not appearing at the time set for trial,

an oral motion for continuance was then made, supported by an oral statement purporting to show that these witnesses would each give testimony material to the defense, if present, and that one was absent from the state, but would return in a few days and that the other was sick and in a hospital in the city of Tacoma, but likely to recover and be able to be present and testify later in the term. The trial court denied the motion on the ground of lack of diligence and lack of a statutory showing by affidavit. Appellant asked time in which to prepare the statutory affidavit, which was denied. A written motion, supported by affidavit to the same effect as the oral motion and statement, was presented at the close of the state's evidence and again denied, and these various rulings are assigned as error.

As to the witness absent from the state, it is clear that due diligence was not used to subpoena him before his departure, and as to the witness who was ill, the affidavit (as well as the oral statement) was so lacking in clear, direct statements as to what his testimony would be, if present, and so abounded in conclusions as to offer no opportunity for the prosecuting attorney to admit that such testimony would be given if the witness were present, as provided by our statute. Rem. Comp. Stat., § 2135 [P. C. § 9361].

We can see no abuse of discretion on the part of the trial court.

"The frequent abuse of the right to obtain a continuance has induced stricter vigilance by the courts to prevent such abuse. The very nature of the relief requested is such that the decision of the question necessarily rests almost entirely upon the discretion of the trial court, and we are not inclined to interfere with such discretion unless abused to the extent of prejudicing the applicant's right to a fair trial." *State v. Conner*, 107 Wash. 571, 182 Pac. 602.

[2] On cross-examination of one of the principal witnesses for the state, appellant asked, "Now you have epileptic fits every once in a while, don't you?" To which the witness answered "Yes," and the following immediately occurred:

"MR. TOP: I object to that as incompetent, irrelevant and immaterial. MR. KIBBE: A man with epilepsy is not as much to be believed or dependent upon his word, it is not as good, and his memory is not as good, and he is affected in every way and I want to show that as bearing on his credibility. THE COURT: The objection may be sustained. MR. KIBBE: Exception. The court's ruling is that he may not testify to that? THE COURT: Yes."

There was no proof in the case as to the possible effect that epilepsy may have upon the mind or memory of its victims, and the offer, as shown, does not include or cover that important point. If epilepsy does, or may, affect the mind, that fact is not so commonly known that judicial notice can be taken of it. If the authorities go to the extent for which appellant contends, he has not, by his offer, brought himself within the rule.

[3] The state introduced evidence tending to show that appellant was the owner of a certain still used in the manufacture of moonshine whiskey. To meet this evidence, appellant sought to show ownership of the still in another. A witness for the defense testified that another was the owner, and when cross-examined as to the basis of his knowledge, said "the fellow told me," whereupon, on motion of the prosecutor, the direct testimony of the witness upon this subject was stricken. Another witness for the defense testified:

"Q. Mr. Smith, were you ever up where this still had been operated? A. Yes. Q. When was that? A. Well, it has been in the hunting season, I was up

there hunting. Q. Did you see anybody up there? A. I saw one man up there. I didn't see nothing of the still. I saw some barrels. He was hauling out some barrels out of the brush. I was going along the road and he brought them out on the old plank road. I seen him hauling away some kegs. Q. Do you know who he was? A. I don't know who he was. He was a kind of a big man. He was dark complected. I don't know who he was. Q. Did he make any statement to you about the still? MR. TOP: I object to that as incompetent, irrelevant and immaterial. THE COURT: The objection may be sustained. MR. KIBBE: Exception. We offer to prove by the witness on the stand that he, at the time he saw the man loading the barrels, the man told him that it was his still that had been there and that he was hauling his barrels away, and that another man had been arrested for operating this man's still and the man arrested was not guilty. MR. TOP: I object to that as hearsay, incompetent, irrelevant and immaterial. THE COURT: The objection may be sustained. MR. KIBBE: Exception.''

To demonstrate error in these rulings, appellant cites a number of cases where title to personal property was involved, in which the general rule is laid down that possession of personal property, if unexplained, is *prima facie* evidence of ownership in the possessor, and that the acts and declarations of the one in possession are admissible in evidence to determine the nature of his possession. If this be a case for the application of the rule, appellant has not brought himself within it. Neither witness said anything of the possession being in the man who, according to them, claimed ownership of the still, and the second witness seems, by what he did say, to limit the possession to certain barrels or kegs which he saw brought out on the road, manifestly, after what he did say, he could not consistently go further and testify to a declaration of ownership by a man in possession of the

still. Indeed, the offer seems to indicate that the still was not there at the time referred to. Moreover, it would seem that the time and place were not fixed with that definiteness which the law requires, and on the face of the record what the witness saw and heard may have been too remote to be of any value as evidence of ownership.

[4] The arresting officer testified that, at the time he made the arrest, the appellant admitted ownership of the still. Appellant sought to have this evidence ruled out or withdrawn from the jury by the court's instructions, by showing that at the time of the arrest, after an exchange of words, the officer slapped appellant's face and called him some names not usually applied to self-respecting and law-abiding citizens. As we read the record, it falls far short of showing that the admissions, if made, were made under the influence of fear produced by threats as a matter of law. The question was for the jury and was properly submitted to it. *State v. Miller,* 61 Wash. 125, 111 Pac. 1053; *State v. Harvey,* 145 Wash. 161, 259 Pac. 21, have no application here.

[5] Two boys, of about the age of sixteen years, testified for the state. On cross-examination, appellant endeavored to bring out that the parents of each had been engaged in the liquor business and had been convicted of violations of the prohibition laws. The court ruled that their veracity or credibility could not be so attacked. Appellant cites no authority opposed to this ruling, and in the absence of such authority we see no reason to extend the rule which would be applicable to the convicted parents to the presumably innocent children.

[6] When appellant was arrested, the sheriff found upon his person a pint bottle half full of moonshine whiskey. This was introduced in evidence, and the

usual instruction was given to the jury on the subject of liquor in possession. It is true that appellant was charged with manufacturing, but manufacturing with intent to sell, and the bottle on his person, at a distance from the place of manufacture, may have been some slight evidence bearing upon the charge. The admissibility of such evidence is largely within the discretion of the trial court, and unless we can see clearly that it could have no legitimate purpose, we cannot interfere.

[7] A cost bill was filed, covering what appear to be the statutory costs in both the justice and the superior courts, in proper form and subscribed to by the prosecutor, but the jurat is not filled out nor completed by the signature of an officer authorized to administer an oath. Appellant asserts that this cost bill was never served upon him, which presumably is the reason why he has not yet moved against it in the superior court. Were we to order it stricken, for all that appears, the clerk would tax the same statutory costs, hence we decline to pass upon its sufficiency.

We have considered each of the other assignments of error, find none well taken, and they are of such a nature that no good purpose would be accomplished by setting them forth and discussing them.

The judgment of the superior court is affirmed.

Fullerton, C. J., Mitchell, Askren, and Parker, JJ., concur.