[No. 15695–1–I.   Division One.   August 24, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. WAYNE NORMAN ADAMSKI, *Appellant.*

*Neil M. Fox* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James W. Leslie, Deputy,* for respondent.

WEBSTER, J.—Wayne Norman Adamski appeals his con-

victions of first and second degree vehicle prowl on the ground that the trial court abused its discretion when it twice continued his fact–finding hearing to a date outside the speedy trial period. Finding that the trial court properly exercised its discretion in granting the continuances, we affirm.

## FACTS

Adamski was charged with third degree theft (count 1), second degree vehicle prowl (count 2), and first degree vehicle prowl (count 3). In an agreed order waiving arraignment, both parties acknowledged that the speedy trial date under JuCR 7.8 would be 60 days from August 1, 1984. Therefore the expiration date of the speedy trial period was September 30, 1984.

The case was set for a fact–finding hearing in juvenile court on September 25, 1984. On September 19 the State moved for a continuance to October 9, explaining that its essential witness, a police officer who was under subpoena, was presently in Hawaii and would be returning on October 8. When the court inquired whether a continuance would prejudice Adamski, defense counsel responded that Adamski had an absolute right to trial within 60 days of his appearance. Although an objection was made, the court continued the matter to October 9.

On October 9 the State moved for a second continuance on the ground that Jim Byman, an essential witness, was not present but would be available in the future. Byman resided in the Kiwanis Vocational Home in Centralia. The prosecutor had previously spoken with someone at the Home who indicated that whenever a subpoena was sent to one of its residents, the subpoena was given to the resident and its receipt was entered in a logbook. According to the prosecutor's court file, a subpoena had been mailed to the witness at the Home's address. When the witness failed to appear on the day of the hearing, the prosecutor called the Home and was told that the logbook did not contain an entry for the subpoena's receipt.

Adamski's counsel objected to the State's motion, pointing out that the State had not followed the subpoena procedure. The court asked whether Adamski would be prejudiced by a continuance and determined that he was in detention on another matter. Noting that the State had exercised due diligence and that the witness would be available in the future, the court then granted the continuance provided the date coincide with Adamski's remaining detention time with an overset if necessary. The fact–finding hearing was continued to October 22 when Adamski was found guilty as charged.

## DISCUSSION

■ The granting or denying of a motion for continuance is reviewable only for a manifest abuse of discretion. *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985). Former JuCR 7.8(d) provided in pertinent part:

Continuances or other delays may be granted as follows:

. . .

(2) On motion of the prosecuting attorney if:

. . .

(ii) the State's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time;

Upon review of the record, we conclude that the trial court did not manifestly abuse its discretion in granting the continuances.

Adamski makes two arguments in support of his contention that the first continuance should not have been granted. First, relying on *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 605 P.2d 1265 (1980), Adamski argues that the officer's departure for Hawaii was a contemptuous refusal to honor his subpoena and thus did not constitute good cause for a continuance outside the speedy trial period. However, Adamski's reliance on *Lewis* is misplaced. *Lewis* held that the unexcused absence of a subpoenaed witness at

the time of trial is not good cause for a continuance. *Lewis,*
at 84. Unlike *Lewis,* where the State made its motion to
continue on the day of trial, the State here made a timely
motion 6 days in advance of the trial date.[1] Considering
that Adamski failed to show how a continuance would prej-
udice him, the court's decision to continue the fact–finding
was reasonable.

Second, Adamski argues that the State failed to exercise
due diligence because it neither requested a material wit-
ness warrant nor attempted to have the officer's superiors
order him back to Washington prior to the speedy trial
date. Case law does not require that such steps be taken by
the State. The basic requirement of due diligence is that
the officer be subpoenaed. *State v. Yuen,* 23 Wn. App. 377,
379, 597 P.2d 401, *review denied,* 92 Wn.2d 1030 (1979).

Adamski also makes two arguments with regard to the
second continuance. First, he claims that the State did not
exercise due diligence when it failed to properly subpoena
the witness. CrR 4.8 provides that subpoenas shall be
issued in the same manner as in court actions. CR 45(c)
provides:

> **Service.** A subpoena may be served by any suitable
> person over 18 years of age, by exhibiting and reading it
> to the witness, or by giving him a copy thereof, or by
> leaving such copy at the place of his abode. When service
> is made by any other person than an officer authorized to
> serve process, proof of service shall be made by affidavit.

Although the State failed to comply with CR 45(c) when
it mailed the subpoena to the witness, we conclude that the
State nonetheless exercised due diligence. In fact, the State
had made a good effort to obtain the witness's presence at
trial when it telephoned the Home and learned of the pro-

---

[1]Adamski assumes that the officer failed to appear for the October 9 fact–
finding hearing because count 1 was dismissed on the State's motion. However,
nothing in the record indicates that the officer was absent. Even assuming that
this was the case, a review of the trial court's decision to grant the motion should
not be based on facts that later develop. *State v. Bebb,* 44 Wn. App. 803, 813, 723
P.2d 512 (1986), *aff'd,* 108 Wn.2d 515, 740 P.2d 829 (1987).

cedure ordinarily used to serve a witness residing there.

Second, Adamski argues that the 13–day continuance was too long. We disagree. Courts have properly exercised their discretion when granting continuances for longer periods of time. *See State v. Terrovona,* 105 Wn.2d 632, 651, 716 P.2d 295 (1986) (case continued for 3 weeks); *State ex rel. Rushmore v. Bellevue Dist. Justice Court,* 15 Wn. App. 675, 676, 552 P.2d 693 (1976) (case continued in excess of 5 weeks), *review denied,* 88 Wn.2d 1003 (1977). Moreover, the court determined that Adamski was in detention on another matter and that continuance of the hearing to a date within his remaining detention time would not prejudice him. The record reveals that the trial was continued within that time frame.

The trial court did not abuse its discretion in granting the two continuances.

Affirmed.

SWANSON and COLEMAN, JJ., concur.

Reconsideration denied November 20, 1987.

Review granted by Supreme Court March 1, 1988.