[No. 60187-9.    Department Two.    May 20, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. DEMECO
M. DUGGINS, *Petitioner.*

*Jessica Ryan* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Sally Olsen, Deputy,* for respondent.

PER CURIAM. — Demeco Duggins seeks review of a Court of Appeals decision affirming his juvenile conviction for possession of cocaine with intent to deliver. Duggins contends the trial court should not have granted a continuance to the State when its witness failed to appear, because the witness was not personally served with a subpoena. Even after the continuance, however, Duggins was tried within the speedy trial period specified by JuCR 7.8. The Court of Appeals therefore found no reversible error.

■ We agree that because Duggins was tried within the speedy trial period defined by JuCR 7.8 there is no basis for dismissing the prosecution under that rule. This holding is all that is necessary to affirm Duggins' conviction.

■ Nonetheless, the Court of Appeals went on to say alternatively that the prosecutor had acted with due diligence by mailing a subpoena to the law enforcement witness, even though the witness did not receive the subpoena. The court's discussion could be misleading to the extent it fails to give proper weight to *State v. Adamski*, 111 Wn.2d 574, 761 P.2d 621 (1988). As this court held in *Adamski*, when lack of notice of a subpoena results in the absence of a State's witness, the State cannot show due diligence, for purposes of JuCR 7.8, unless the subpoena was served by one of the methods described in CR 45(c).

Duggins' conviction is affirmed.