[No. 66896-5. En Banc.]
Considered November 10, 1998.     Decided December 10, 1998.

THE STATE OF WASHINGTON, *Respondent*, v. SUNSHINE HAIRYCHIN, *Petitioner.*

*Nielsen, Broman & Associates, P.L.L.C.*, by *Eric J. Nielsen*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *John F. McHale II, Deputy*, for respondent.

PER CURIAM — Sunshine Hairychin, a juvenile, seeks review of a Court of Appeals decision affirming her conviction for second degree assault. She asserts that the trial court abused its discretion in granting the State's request for a continuance beyond the speedy trial date mandated by JuCR 7.8. We agree.

## FACTS

Sunshine Hairychin was charged with second degree assault on December 10, 1996. On February 4, 1997, she was arraigned on the assault charge. A fact-finding hearing was set for March 3, 1997, and the speedy trial expiration date was determined to be March 6, 1997.

On February 19, 1997, police informed the deputy prosecutor that the assault victim, Christy Hanson, planned to move out of state. Unaware that the case had been set for trial, the prosecutor did nothing with this information until February 26, when a review of the file revealed that the case had been set for a fact-finding hearing on March 3.

He contacted Hanson and arranged for defense counsel to interview her. On February 27, 1997, the court heard the State's motion to continue the fact-finding hearing until March 10, 1997. The prosecutor informed the court that Hanson's moving plans did not permit her to stay in the state until March 3, but that the State was prepared to fly Hanson back to Seattle for a March 10 trial. He acknowledged that he had not subpoenaed Hanson even after learning that the fact-finding hearing had been set for March 3. The trial court granted the State's continuance motion.

At the March 10 hearing, the parties stipulated that trial could be had on the police reports and witness statements. The court found Hairychin guilty.

Hairychin appealed on the grounds that the continuance violated her right to a speedy trial. The Court of Appeals affirmed the trial court. We now grant review and reverse the Court of Appeals.

## ISSUE

Did the trial court abuse its discretion in granting the State a continuance beyond the speedy trial expiration date to accommodate a witness the State had failed to subpoena?

## ANALYSIS

Under JuCR 7.8(b), if a juvenile offender is being detained pending the adjudicatory hearing, the hearing must be held within 30 days of the arraignment. If the hearing is not held within the time limits of JuCR 7.8(b), "the information shall be dismissed with prejudice." JuCR 7.8(g). Continuances may be granted on the prosecutor's motion if "the State's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time." JuCR 7.8(e)(2)(ii).

Hairychin asserts that the prosecution failed to exercise due diligence when it failed to issue a subpoena to

compel Hanson's appearance at the fact-finding hearing scheduled for March 3, 1997. Her argument finds clear support in our prior holding "that due diligence requires the proper issuance of subpoenas to essential witnesses." *State v. Adamski*, 111 Wn.2d 574, 578, 761 P.2d 621 (1988). In *Adamski*, we held that the State could not claim due diligence when it failed to serve a subpoena by one of the methods provided in CR 45(c). In *State v. Duggins*, 121 Wn.2d 524, 525, 852 P.2d 294 (1993), we reiterated our holding in *Adamski* that "the State cannot show due diligence, for purposes of JuCR 7.8, unless the subpoena was served by one of the methods described in CR 45(c)." In the present case, the defect is not the State's failure to serve the witness by proper means, but rather its failure to make any effort to serve her at all. Plainly, the State did not exercise the due diligence required for a continuance under JuCR 7.8(e)(2)(ii).

## CONCLUSION

The issue in this case is controlled by our prior holding in *Adamski*. The Court of Appeals decision is reversed. Pursuant to JuCR 7.8(g), Sunshine Hairychin's conviction is reversed, and the charge against her is dismissed with prejudice.

Reconsideration denied February 1, 1999.