247 P.3d 449 (2011)
CITY OF SEATTLE, Respondent,
v.
Rulan CLEWIS, Appellant.
No. 63509-3-I.
Court of Appeals of Washington, Division 1.
February 7, 2011.
*450 Richard Edward Greene, Seattle City Attorney Public & Community, Seattle, WA, for Respondent.
Devon Carroll Knowles, Christine Anne Jackson, Attorney at Law, Seattle, WA, for Appellant.
BECKER, J.
¶ 1 A key prosecution witness twice failed to appear for trial dates in the case against appellant Rulan Clewis. Clewis challenges the continuances that were granted and other rulings related to the reluctant witness. We affirm. The trial court acted within its considerable discretion to grant a continuance that does not extend a case beyond the speedy trial deadline.
¶ 2 According to her testimony at trial, the witness called 911 on July 16, 2007, to report a man and a woman fighting on the sidewalk across the street. While she was on the phone, the man approached her and hit her in the face. She dropped her phone. The man tried to break the phone and then threw it onto a nearby roof.
¶ 3 Police arrived and stopped Rulan Clewis a few blocks down the street. The witness identified him as her assailant. The next day, the City of Seattle charged Clewis with assault, destruction of property, and interfering with the reporting of domestic violence. Clewis obtained several continuances. Trial was set for December 18, 2007. The case was called for trial on that date before Seattle Municipal Court Judge Michael Hurtado. The City reported that both the prosecutor and the witness were sick. Judge Hurtado set the case over for a day.
¶ 4 The next day, both parties answered ready for trial before Judge Hurtado. The prosecutor, however, said she might have a scheduling issue with another trial in a different courtroom. The court excused her but asked that she report back. She did not reappear and went to trial on the other case. Clewis moved to dismiss. The court denied the motion and ordered a continuance, explaining that the other case had a higher priority because of an earlier speedy trial deadline.
¶ 5 Trial of the charges against Clewis was reset for January 2, 2008. That date was canceled when Clewis failed to appear for the readiness hearing on December 28. Clewis showed up in court on January 2. He was arrested and booked into jail.
¶ 6 The parties appeared for a hearing before Judge Hurtado to set a new trial date. Clewis made another motion to dismiss. He alleged that the City misrepresented the witness as having been ill on December 18 and claimed that the prosecutor was guilty of mismanagement on December 19 for answering ready for two different cases at the same time. The court denied the motion to dismiss, subject to further hearing on whether the City misrepresented the witness as being *451 ill. The trial was reset for February 12, 2008.
¶ 7 On February 12, the parties were present before Judge Hurtado. The court asked the prosecutor if the Clewis case was going to go to trial. The prosecutor responded that she did not believe so because the witness, although subpoenaed, had become fearful of coming to court. The witness was not present. The court heard testimony from a victim advocate who had talked with the witness the day before. According to the advocate, the witness said she did not want to see the defendant or face him in court. Judge Hurtado suggested bringing the witness in on a material witness warrant and then treating her as a hostile witness if necessary. The prosecutor rejected the suggestion; she doubted it would be effective in getting the witness to court, and she did not want to put the witness in custody. Nevertheless, Judge Hurtado ordered the issuance of a warrant for the arrest of the witness. He said the case would in the meantime be held "in abeyance."
¶ 8 An hour later, the court called the case again. The prosecutor asked to have the case continued until 1:30 to allow the City more time to persuade the witness to appear. Clewis objected to a continuance. He also moved to dismiss based on the appearance of fairness doctrine. He pointed out that CrRLJ 4.10(a) does not authorize the court to issue a material witness warrant except upon motion by the prosecutor or the defendant. He argued that the judge had taken on the role of the prosecutor by ordering the issuance of a warrant sua sponte. He questioned whether Judge Hurtado should continue to sit on the case. The court granted the continuance and vacated the order to issue a material witness warrant.
¶ 9 The case was called again shortly after 1:30. The prosecutor reported that the witness could not come that day because of her work schedule but had agreed to come the next day. The prosecutor also moved for sanctions against Clewis. According to the prosecutor, the witness had received a telephone call from a defense investigator who told her about the material witness warrant. The prosecutor regarded this as an attempt to scare the witness into not coming to court. It was noted that the defense investigator had formerly been Judge Hurtado's bailiff. Based on this, and also acknowledging that he had made a mistake by pushing to have the witness arrested, Judge Hurtado decided to recuse himself from further involvement in the case. Clewis again moved to dismiss. Judge Hurtado denied the motion and ordered the case set over to the next day so it could be heard before a different judge.
¶ 10 Trial began the next day, February 13, before a court commissioner sitting pro tem. The witness appeared and testified. The jury convicted Clewis. The King County Superior Court affirmed. This court granted discretionary review.

CONTINUANCES
¶ 11 Clewis assigns error to the continuances granted by the trial court. The decision to grant or deny a continuance is reviewed for a manifest abuse of discretion. State v. Adamski, 111 Wash.2d 574, 577, 761 P.2d 621 (1988).
¶ 12 Clewis first raises an issue about the subpoenas issued for the December 18 trial date. When a witness is absent, a continuance should only be granted if the party seeking the continuance has exercised due diligence in securing the attendance of the witness. See Adamski, 111 Wash.2d at 577-78, 761 P.2d 621. Due diligence requires the proper issuance of subpoenas to essential witnesses. Adamski, 111 Wash.2d at 578, 761 P.2d 621. "If a party's lawyer issues a subpoena, a copy shall be filed with the court." CrRLJ 4.8(a). There are copies of the City's subpoenas in the record, but they are not signed. Clewis contends this omission means the City failed to exercise due diligence. But while Clewis objected to the continuances in the trial court, it was not on the basis of any procedural flaw relating to the subpoenas. Rather, it was on the basis that the witness had received a subpoena but failed to comply with it. We decline to address the issue because it is raised for the first time on appeal. See State v. Gentry, 125 Wash.2d 570, 616, 888 P.2d 1105, cert. *452 denied, 516 U.S. 843, 116 S.Ct. 131, 133 L.Ed.2d 79 (1995).
¶ 13 Clewis next argues the trial court abused its discretion on February 12, 2008, by continuing the case until 1:30 to give the City more time to persuade the witness to overcome her fear of coming to court. Neither the prosecutor nor the victim advocate described any specific threat made against the witness. Clewis asserts that a generalized fear of coming to court to testify is common, and recognizing it as a valid excuse for granting a continuance when a witness is absent will set the bar too low for condoning delay and inconvenience.
¶ 14 A trial court has considerable flexibility to grant continuances within the time limit for speedy trial. See State v. Duggins, 68 Wash.App. 396, 398-401, 844 P.2d 441, aff'd, 121 Wash.2d 524, 852 P.2d 294 (1993). We do not find an abuse of discretion in the court's decision to continue the trial until 1:30 to give the prosecutor another chance to try to persuade a reluctant witness to come to court voluntarily. This effort was successful, even though it resulted in another day's delay to accommodate the witness's work schedule. Conflict with a work schedule is just as common as discomfort with giving testimony and is among the many circumstances a trial court may balance against other circumstances in ensuring that a trial is fair. See State v. Chichester, 141 Wash.App. 446, 454, 170 P.3d 583 (2007) (In exercising discretion to grant a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure.).
¶ 15 Clewis argues that the continuances were improper under State ex rel. Nugent v. Lewis, 93 Wash.2d 80, 605 P.2d 1265 (1980), holding that the unexcused absence of a subpoenaed witness at the time of trial was not good cause for a continuance. Lewis, 93 Wash.2d at 84, 605 P.2d 1265. Clewis's reliance on Lewis is misplaced. Lewis "does not stand for the proposition that a continuance may never be granted when a subpoenaed witness' absence at trial is unexcused." City of Bellevue v. Vigil, 66 Wash.App. 891, 894, 833 P.2d 445 (1992). Lewis has been distinguished on a number of bases, including that the defendant's speedy trial rights were implicated and no reason was given for the witness's absence. Duggins, 68 Wash.App. at 402-05, 844 P.2d 441 (distinguishing Lewis and describing other cases that have done so). Extending Clewis's trial did not put him past the speedy trial deadline, and there was a reason given for the witness's absence that the trial court reasonably found valid. Lewis does not require dismissal here.

MOTIONS TO DISMISS
¶ 16 Clewis argues that the trial court should have dismissed the case on December 19 for prosecutorial mismanagement. A trial court's decision to grant or deny a motion to dismiss under CrRLJ 8.3(b) is reviewed for abuse of discretion. State v. Koerber, 85 Wash.App. 1, 3, 931 P.2d 904 (1996).
¶ 17 On December 19, despite having announced the City's readiness in the Clewis matter, the prosecutor told the court she might have a scheduling issue with another trial in a different courtroom. The court excused her so that she could go address that matter and figure out what was happening. She did not return, and when his case was called again, Clewis moved to dismiss. The court denied the motion and continued the case, finding good cause in that the prosecutor had to try a case with an earlier speedy trial expiration date.
¶ 18 Clewis argues that dismissal was called for under Chichester. In Chichester, the State had pronounced itself ready for trial the following week, but when the trial date arrived, the prosecutor refused to begin the case because she preferred to supervise a new prosecutor who was beginning a different case at the same time. We affirmed the trial court's decision to deny the State's request for a continuance, observing that the prosecutor's scheduling conflict was "self created" and the State did not use due diligence in resolving it. Chichester, 141 Wash.App. at 454-55, 170 P.3d 583.
¶ 19 Clewis contends the situation in his case is the same in that the prosecutor answered ready for the December 18 trial date, *453 knowing that she had another case with a shorter expiration date scheduled for the same day. But Chichester upheld a denial of a continuance. Chichester did not reverse a trial court's decision to grant a continuance. The distinction is important because the standard of review is abuse of discretion.
¶ 20 In addition, the circumstances are materially different. In Chichester, the prosecutor defied the court's effort to maintain control of the trial calendar despite having a week's warning that the court did not see a basis for another continuance. Here, the fact that the prosecutor voluntarily committed herself to be ready for two trials the same day reflects no more than the constant ebb and flow of trials in a busy court where double and triple settings are tolerated because some cases settle just before trial and others last longer than expected. A trial court must have discretion to deal with unpredictable events in managing its calendar, while assuring that priority is given to criminal cases that are approaching the time for trial deadline. The expiration date of an unrelated case is an appropriate factor to take into consideration in deciding whether a continuance is warranted. State v. Angulo, 69 Wash.App. 337, 343, 848 P.2d 1276, review denied, 122 Wash.2d 1008, 859 P.2d 603 (1993).
¶ 21 For similar reasons, we reject Clewis's argument that dismissal was required under CrRLJ 8.3(b). The scheduling of the prosecutor for two cases at the same time was not arbitrary action or governmental misconduct within the purview of that rule. And even if it were, to obtain dismissal under CrRLJ 8.3(b) a defendant must show prejudice that materially affected his right to a fair trial. Koerber, 85 Wash.App. at 5, 931 P.2d 904. Mere expense and inconvenience, or additional delay within the speedy trial period, do not meet this test; the misconduct must interfere with the defendant's ability to present his case. Chichester, 141 Wash.App. at 457, 170 P.3d 583. Clewis does not make this showing.

APPEARANCE OF FAIRNESS
¶ 22 On the morning of February 12, Judge Hurtado ordered the prosecution to issue a material witness warrant to secure the presence of the City's key witness. Defense counsel pointed out that the court rule places the decision to ask for a material witness warrant with the prosecution, not the court. Judge Hurtado vacated the warrant, but counsel suggested that the judge had taken on the role of the prosecutor and should recuse himself. Judge Hurtado did take himself off of the case later that day, but not before he had granted a continuance until the next day and denied a motion to dismiss.
¶ 23 Clewis contends that Judge Hurtado violated the appearance of fairness doctrine, but he does not explain why, if this is true, it would necessarily require reversal of his conviction. Assuming the judge did create the appearance of bias against Clewis by advocating steps the prosecutor should take to keep the case alive, the remedy would be recusal to allow trial before a different judge. State v. Hendrickson, 81 Wash.App. 397, 402, 914 P.2d 1194 (1996). Because Judge Hurtado did recuse himself, the point is moot. Clewis received a trial before a different judge, where he would have had the opportunity to renew his motion to dismiss or revisit other rulings by Judge Hurtado that he viewed as tainted with bias. Clewis assigns no errors to decisions made after the case was reassigned and therefore fails to demonstrate that he did not receive a fair trial.
¶ 24 Affirmed.
WE CONCUR: SPEARMAN and APPELWICK, JJ.