COURT OF APPEALS DIV I
2017 DEC 18 AM 9: 12


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76807-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW RICHWINE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: December 18, 2017 |
| | ) | |

PER CURIAM. Andrew Richwine appeals the denial of his motion to vacate the sentence imposed following his guilty plea to vehicular homicide. He contends, and the State concedes, that he is entitled to resentencing before a different judge for three reasons.

First, the parties agree that the sentencing judge erred in conducting independent research without notifying the parties or providing them an opportunity to respond. The record indicates that the court, on its own, reviewed information regarding average sentences for the offense and a newspaper article about distracted driving statistics. The court disclosed this information to the parties at sentencing. The parties cite various authorities in support of their claim that the court should have notified them of its "investigations" and provided them an opportunity to respond. See, e.g., RCW 9.94A.500 (1) (information relied on by the court "shall be part of the record"); ER 201(e) (requiring an opportunity to be heard whenever the court takes judicial notice).

No. 76807-7-I/2

Second, the parties agree that the judge appeared to base her sentence in part on her perception that people of Richwine's race and socioeconomic status generally receive more generous sentence recommendations. In her oral decision, which the judge incorporated by reference in her written decision, the judge stated in part:

> Even with people who are first offenders such as yourself Mr. Richwine, I often get people who have zero felony history. They too have zero offender score and yet the State always asks that I imprison them. That I take them away from their families. That I make it difficult for them to be productive and cooperative members of our society. And it does not escape the Court's attention that often those individuals do not look anything like you. They do not have the resources you have financially, nor do they have the resources you have as a family. Nor do they share the color of your skin.[1]

Although the judge later characterized this portion of her oral ruling as "dicta" and articulated appropriate reasons for her sentence, we accept the State's concession that the court's apparent consideration of Richwine's race and socioeconomic status requires reversal and resentencing before a different judge. Buck v. Davis, 137 S. Ct. 759, 778, 197 L. Ed. 2d 1 (2017) ("Relying on race to impose a criminal sanction 'poisons public confidence' in the judicial process" and "injures not just the defendant, but 'the law as an institution, . . . the community at large, and . . . the democratic ideal reflected in the processes of our courts.'") (alterations in original) (quoting Davis v. Ayala, 135 S. Ct. 2187, 2208, 192 L. Ed. 2d 323 (2015); Rose v. Mitchell, 443 U.S. 545, 556, 99 S. Ct. 2993, 61 L. Ed. 2d 739 (1979)); State v. Osman, 126 Wn. App. 575, 580, 108

---

[1] Report of Proceedings (Apr. 7, 2017) at 32-33.

2

No. 76807-7-I/3

P.3d 1287 (2005) ("Factors such as race, nationality, or wealth 'must not enter into the selection of the appropriate sentence.'" (quoting State v. Roberts, 77 Wn.App. 678, 683, 894 P.2d 1340 (1995)); cf. In re Marriage of Black, 188 Wn.2d 114, 392 P.3d 1041 (2017) (court's consideration of sexual orientation in fashioning parenting plan showed improper bias requiring reversal); City of Seattle v. Clewis, 159 Wn. App. 842, 851, 247 P.3d 449 (2011) (the appearance of bias requires resentencing before a different judge).

Third, the parties agree that the judge mischaracterized the nature of the sentence recommendations she had seen in similar cases in her court. They contend the judge's view "that Richwine was given special treatment in relation to those previous cases is simply unsupported." Respondent's Br. at 8.

Because we conclude that the court's consideration of race and socioeconomic status by itself requires reversal, we need not decide whether to accept the State's other concessions of error.

The sentence is reversed and remanded for resentencing before a different judge.

FOR THE COURT:

_Leach, J._

_Cox, J._

_[signature], J._

3