[No. 27029-0-I.   Division One.   May 18, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID
ROCK, *Appellant.*

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

FORREST, J. — David Rock appeals his conviction for third degree rape of a child, claiming the court erred in dismissing the charge without prejudice, allowing the State to avoid the speedy trial requirements of CrR 3.3. We disagree and affirm the conviction.

Rock engaged in forced intercourse with his niece, L.L. Rock admitted his actions to his sister, V.L., in June 1989. V.L. reported the incident to the police 3 months later because of pressure from the Department of Social and Health Services (DSHS).[1] V.L. and L.L. did not want to press charges or testify against Rock.

The State initially filed an information March 5, 1990, charging Rock with third degree rape of a child. Because of their reluctance to cooperate, V.L. and L.L. were appointed counsel. On May 24, 1990, the parties confirmed the case for trial set June 4, 1990. The speedy trial expiration date was June 17, 1990. On May 31, 1990, 4 days before trial, the prosecutor contacted V.L.'s attorney to discuss the case and was again informed V.L. did not want to cooperate but would appear and truthfully testify if properly subpoenaed. The prosecutor was informed, to her surprise, that neither V.L. nor L.L. had yet been subpoenaed.

The State unsuccessfully attempted to serve subpoenas on the witnesses at least eight times during the 4 days remaining before trial. The prosecutor asserted, though there was no supporting affidavit, that on the Sunday evening before trial, Stanwood police saw people in the witnesses' home, but by the time sheriffs arrived with the subpoenas there was no one at home. On June 4, the day of trial, the State sought a dismissal without prejudice. The prosecutor admitted to the court that she "had [mistakenly] been under the impression that the witnesses had been personally served." The prosecutor concluded the witnesses were avoiding process and stated, "With that in mind and

---

[1]V.L.'s current husband previously sexually abused the couple's children and was on a sex offender sentencing alternative in Snohomish County. DSHS threatened not to return two other children to V.L.'s custody because she refused to report Rock's actions to the police. This is recorded in the first police report of the incident.

with an additional thirteen days left on speedy trial time I'm urging Your Honor to dismiss this without prejudice so that the State can have an opportunity to file charges at a later time." The court, Judge Wilson, granted the motion to dismiss without prejudice.

Charges were refiled under a different cause number on June 28, 1990. Rock moved to dismiss the charges pursuant to CrR 3.3(i), claiming his right to a speedy trial had been violated. The court, Judge Bibb, denied the motion. Rock waived a jury trial and stipulated to the police reports and was found guilty.

Issue: Was Rock entitled to dismissal of the charges in the second case pursuant to CrR 3.3(i)?

CrR 3.3(g)(4) expressly excludes from the speedy trial period "[t]he time between the dismissal of a charge and the defendant's arraignment or rearraignment in superior court following the refiling of the same charge . . .". Rock was not in custody on these charges and needed to be brought to trial within 90 days. From the time he was arraigned on March 19, 1990, to the time of trial, July 9, 1990, *excluding* the time the charges were dismissed without prejudice, Rock was brought to trial within 87 days.

It is only if Judge Bibb was precluded from relying on Judge Wilson's order that Rock is entitled to relief. CrR 8.3(a) allows dismissal in the court's discretion only if the prosecutor offers sufficient reason for the dismissal. Rock contends the State sought the dismissal to avoid the expiration of the speedy trial period and that this is an improper basis for a dismissal without prejudice. Rock argues such action circumvents CrR 3.3 intended to provide defendants prompt trials. In *State v. Edwards*, 94 Wn.2d 208, 214, 616 P.2d 620 (1980), the court stated that "[a]n attempt to avoid the speedy trial rule would be an inappropriate reason for dismissal." The court noted that if there is a legitimate reason for delaying trial a continuance is the proper method to toll the time limit. From this Rock argues that Judge Bibb was not entitled to exclude the time between dismissal and refiling in applying CrR 3.3 and that the case must be

dismissed. Aside from the dicta in *Edwards*, the Washington cases have not analyzed under what circumstances, if any, a dismissal without prejudice under CrR 8.3(a) is appropriate when the basis is arguably within the scope of CrR 3.3. Nor do we find it necessary to do so, because we find the issue is not properly before us.

■ Rock's entire argument before Judge Bibb in support of dismissal constitutes a collateral attack on Judge Wilson's order of dismissal without prejudice in the prior case. Rock claims no constitutional error nor lack of jurisdiction. At most he asserts that Judge Wilson abused his discretion under CrR 8.3(a) in granting such dismissal on the facts before him. Collateral attack is a very narrow and strictly limited exception to the general rule as to the finality of judgments. The rule is stated in *Bresolin v. Morris*, 86 Wn.2d 241, 245, 543 P.2d 325 (1975):

> The order of December 2, 1974, was a final order entered in a different cause, Supreme Court No. 42966. Respondent may only attack that order in a collateral proceeding if it is absolutely void, not merely erroneous. A judgment is void only where the court lacks jurisdiction of the parties or the subject matter or lacks the inherent power to enter the particular order involved. There is no such defect here and respondent's challenge to the order must fail for that reason.

(Citations omitted.)

■ No Washington case has expressly addressed the issue whether a dismissal without prejudice is a final order but in *State v. Knapstad*[2] the Supreme Court, without discussion, reviewed the State's appeal from an order of dismissal without prejudice. Obviously, this meant treating it as an appealable order.[3] No reason appears why, if the State's

---

[2]107 Wn.2d 346, 729 P.2d 48 (1986).

[3]RAP 2.2(b)(1) states:
> *Final Decision, Except Not Guilty.* A decision which in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information.

Clearly a dismissal without prejudice "abates or discontinues" the case although the rule is specifying the State's right to appeal; the quality of finality does not depend on who is appealing.

appeal is proper, a defendant's appeal would be improper. A dismissal without prejudice is certainly a final order in that it completely terminates that proceeding. The statute of limitations continues to run, a defendant is relieved from all restraints and there is simply no legal proceeding in existence until a new charge is filed. The federal rule in civil cases is that, "dismissals with and without prejudice are equally appealable as final orders." *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir. 1968). Professor Wright states that the same rule should apply in criminal cases.[4] It would be a strange interpretation of the rules to deny the defendant a right to appeal a final prejudicial order. We hold that the argument to Judge Bibb was an impermissible collateral attack on Judge Wilson's order.

■ Further, Rock never objected to Judge Wilson's order on the basis that CrR 8.3(a) does not authorize dismissal under these circumstances, or that the time of the dismissal could not be excluded from the speedy trial period pursuant to CrR 3.3(g)(4). In fact, the only apparent objection was that the State did not exercise diligence in serving the subpoenas, citing *State v. Adamski*.[5] Even if failure to properly argue to Judge Wilson that he was making an erroneous decision does not constitute invited error, Rock is precluded from making arguments to a subsequent court that he failed to make in the first place.

It is well established that, other than in a few narrow exceptions, a defendant may not appeal issues or assert arguments that were not raised in the court below.[6] While this rule is ordinarily enforced at the appellate level we see no reason Rock should not be held to the same standards that

---

[4] 3A C. Wright, *Federal Practice* § 814 (2d ed. 1982).

[5] 111 Wn.2d 574, 761 P.2d 621 (1988).

[6] *See* RAP 2.5. *See also State v. Penn*, 32 Wn. App. 911, 913, 650 P.2d 1111 (the defendant failed to object to the addition of new charges and did not allow the trial court the opportunity to evaluate the State's motivation), *review denied*, 98 Wn.2d 1012 (1982).

would apply if he were seeking review of Judge Wilson's order in the Court of Appeals.[7] The record before Judge Wilson would not have properly preserved the issue for appeal and does not properly preserve it before Judge Bibb.

The whole purpose of requiring all arguments to be addressed to the trial judge before a ruling is to give him the opportunity to correct or avoid any potential error. This case illustrates dramatically the importance of the rule. These arguments may have persuaded Judge Wilson that he did not have the authority to grant a dismissal without prejudice. If so, at a minimum, the prosecutor would have had 13 more days to endeavor to serve subpoenas on the witnesses. If served, the case could have gone forward. If unable to do so, the prosecutor would have had further grounds to justify application for a continuance.[8] Assuming, without deciding, that Judge Wilson erred in his order, we find that the error was not properly before Judge Bibb and, hence, not in this court.

This is a case in which delay had absolutely no adverse effect on Rock's defense. Indeed, there was no defense since

---

[7]"Perhaps no standard governing the scope of appellate review is more frequently applied than the rule that 'an error not raised and preserved at trial will not be considered on appeal.' The values underlying this rule were aptly summarized by the Oregon Court of Appeals:

"There are many rationales for the raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to the court; that fairness to all parties requires a litigant to advance his contentions at a time when there is an opportunity to respond to them factually, if his opponent chooses to; that the rule promotes efficient trial proceedings; that reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a lower court it was wrong when it never was presented with the opportunity to be right."

(Footnotes omitted.) 3 W. LaFave & J. Israel, *Criminal Procedure* § 26.5, at 251 (1984) (quoting *State v. Applegate*, 39 Or. App. 17, 21, 591 P.2d 371, 373 (1979)).

[8]Although Judge Wilson informally indicated that a continuance would not be proper, Judge Bibb reached the opposite conclusion and made a finding that the State had exercised due diligence. Such a finding would gain substantial additional support if the State had been unable to serve the witnesses during another period of 13 days and might well have justified a continuance to serve the reluctant witnesses.

when the matter came on for trial Rock, in effect, conceded his guilt by stipulating to the police reports which inevitably led to a finding of guilt. Yet he urges us to vacate his conviction based on a collateral attack of an order from a prior case unchallenged at the time it was made. To vacate the order at a time when it is no longer possible to restore to the State the 13 days to which it was entitled if Judge Wilson's order was improper would be a perversion of the rules and incompatible with sound criminal jurisprudence. We decline to do so.

■ There is a further reason we decline to address the propriety of Judge Wilson's order. Not only did Rock fail to argue that Judge Wilson did not have the authority to dismiss without prejudice, he took absolutely no steps to seek appellate review of the order when entered, indeed, not even moving for reconsideration. It is now too late to do so.

Concededly it may be unusual that a defendant should be required to appeal an order of dismissal without prejudice, but the circumstances here are unusual as well. As discussed at page 659, an order of dismissal without prejudice is an appealable order. The order is facially valid. The risk to Rock in Judge Wilson's order of dismissal was readily apparent. The entry of such order meant he was going to lose the chance that the prosecutor would be unable to secure the attendance of the necessary witnesses in the remaining 13 days of his speedy trial time and that a continuance would be denied. Rock also knew that the prosecutor was planning to refile the charges as soon as she was able to secure the attendance of the necessary witnesses. With every motive to do so Rock took no action to challenge the propriety of Judge Wilson's order, apparently choosing to wait until a later date when a successful challenge would mean the dismissal of the case against him.

If Rock was in doubt as to the appealability of the order, he could, of course, have accompanied his appeal with a motion for discretionary review. Finally, if Rock considered the dismissal without prejudice to be in some sense "inter-

locutory", or if other efforts to appeal were unsuccessful, he clearly should have appealed Judge Wilson's order in conjunction with the current appeal since Judge Bibb's order made Judge Wilson's order directly applicable to his speedy trial claim.

Rock is not entitled to collaterally attack Judge Wilson's unappealed order and was not entitled to assert new arguments as to the validity of that order before Judge Bibb.

Affirmed.

PEKELIS and AGID, JJ., concur.

Review denied at 120 Wn.2d 1004 (1992).