[No. 14359-7-III.    Division Three.    March 6, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL A. TORRES, *Appellant*.

*Michael A. Frost,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* and *Susan E. Hinkle, Deputy,* for respondent.

SWEENEY, C.J. — A criminal defendant may move for a change of judge based on an affidavit of prejudice. *State v. Parra,* 122 Wn.2d 590, 594, 859 P.2d 1231 (1993). He must, however, make that motion before the judge makes any discretionary ruling in the case. RCW 4.12.050. The State charged Daniel A. Torres with first degree rape of a child on October 29, 1993. The court made discretionary rulings. On January 12, 1994, the court dismissed the case without prejudice. On May 18, the State again filed an information charging Mr. Torres with first degree rape of a child. The court made no discretionary rulings. On July 13, Mr. Torres moved for a change of judge based on an affidavit of prejudice. The court denied his motion.

The dispositive question here is whether Mr. Torres's motion for a change of judge is timely, if made in a second case, after dismissal without prejudice of the first case involving the same charge. We conclude that it is and reverse. In the unpublished portion of this opinion we address two other assignments of error which will be pertinent on remand — the State's argument of the unanimity instruction and its comments on Mr. Torres's election to remain silent.

## DISCUSSION

Affidavit of Prejudice.  An affidavit of prejudice is timely if the motion and affidavit are filed and called to the judge's attention before the judge has made any rul-

ing "whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action . . . and before the judge presiding has made any order or ruling involving discretion . . . ." RCW 4.12.050. Whether Mr. Torres's motion for change of judge was timely depends on the effect of a dismissal without prejudice. If a dismissal without prejudice terminated the action, then Mr. Torres's motion in the second case is timely. If, on the other hand, the filing of the second information was a mere continuation of the original case, the motion for change of judge is untimely.

Speedy trial cases shed some light on the question. A criminal action starts with the filing of an information. WASH. CONST. art. I, § 25; CrR 2.1(a). The State may dismiss an information without prejudice, and refile it at a later date to avoid dismissal for failure to comply with the speedy trial rule. *See* CrR 3.3(g)(4). The dismissal stops the speedy trial clock from running. *State v. Bible*, 77 Wn. App. 470, 471, 892 P.2d 116, *review denied*, 127 Wn.2d 1011 (1995).

In *State v. Rock*, 65 Wn. App. 654, 829 P.2d 232, *review denied*, 120 Wn.2d 1004 (1992), the State voluntarily dismissed a prosecution without prejudice to avoid dismissal for failure to comply with the speedy trial rule. It had been unable to serve necessary witnesses. The question before the court was whether the trial judge's order of dismissal without prejudice was appealable. The court's comments are helpful here: "Clearly a dismissal without prejudice 'abates or discontinues' the case . . . ." *Id.* at 657 n.3. "A dismissal without prejudice is certainly a final order in that it completely terminates that proceeding." *Id.* at 658.

In *State v. Corrado*, 78 Wn. App. 612, 898 P.2d 860 (1995), Division Two dismissed a case for lack of jurisdiction because the trial court had dismissed an information without prejudice, and the State had failed to file another information. It concluded that "to dismiss an . . . information without prejudice 'leaves the matter in the same

condition in which it was before the commencement of the prosecution'. Thus, a superior court loses subject matter jurisdiction when the indictment or information is dismissed." *Id.* at 615 (citation omitted).

The State relies on *State v. Belgarde*, 119 Wn.2d 711, 837 P.2d 599 (1992). But *Belgarde* addressed a different question. There, the concern was the status of a case following an appeal. The court in *Belgarde* concluded that *retrial* following reversal on appeal does not render the action *a different case.* The court therefore refused to allow a change in judge. *Id.* at 717; *see also State v. Clemons*, 56 Wn. App. 57, 61, 782 P.2d 219 (1989) (refusing to treat a retrial following a mistrial as a new action or proceeding), *review denied*, 114 Wn.2d 1005 (1990).

█ Here, the State started this action by filing an information, but then dismissed that action. It started a second action after necessary witnesses became available. The only order filed by the court after the second action, and before the motion for change of judge, was not approved of by either Mr. Torres or his attorney. That order permitted a material witness to leave the jurisdiction for a family visit. It was not a motion by any party to the action, as contemplated by RCW 4.12.050. That statute requires that the motion be made "before [the judge] shall have made any ruling whatsoever in the case, either on *motion of the party making the affidavit*, or on *motion of any other party* to the action, of the hearing of which the party making the affidavit has been given notice . . . ." (Emphasis added.)

█ The filing of the second information started a new case. Because the judge against whom the affidavit was filed had not made a discretionary ruling, the motion was timely and should have been granted. *State v. Dominguez*, 81 Wn. App. 325, 328, 914 P.2d 141 (1996) (RCW 4.12.050 permits a party to change judges once as a matter of right upon timely motion without substantiating a claim of prejudice).

Reversed and remanded for a new trial.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

THOMPSON and BROWN, JJ., concur.

Review denied at 132 Wn.2d 1012 (1997).