78 P.3d 1289 (2003)
150 Wash.2d 536
The STATE of Washington, Petitioner,
v.
Joseph Allen HOFFMAN, Respondent.
No. 73638-3.
Supreme Court of Washington, En Banc.
Argued October 2, 2003.
Decided November 13, 2003.
*1290 Tamara Ann Taylor, Benton Co. Prosecuting Atty. Office, Kennewick, for petitioner.
Sharon Marie Brown, Pasco, for respondent.
PER CURIAM.
The State charged 16-year-old Joseph Hoffman with the sexual exploitation of a minor. As the case proceeded to trial, the juvenile court granted several continuances, but as the trial date approached, it became apparent that the State would be unable to locate the victim. On August 1, with five days remaining before the expiration of Mr. Hoffman's speedy trial date under the Juvenile Court Rules, a superior court commissioner dismissed the charges without prejudice.
On August 9, the State filed a timely motion asking the superior court to revise the commissioner's ruling dismissing the case. The superior court reversed the dismissal, and ordered the case to proceed. Mr. Hoffman stipulated to admission of the police reports, and the juvenile court found him guilty.
Mr. Hoffman appealed, arguing, among other things, that the juvenile court violated his speedy trial rights because the State's motion for revision was filed after the speedy trial expiration date. The Court of Appeals agreed and reversed the conviction. Noting that the period between dismissal and refiling of the same charge is excluded from the speedy trial computation, the Court of Appeals majority nonetheless held that because the State's response to this dismissal was to move for revision rather than to refile the charges, the speedy trial clock had not stopped. Judge Brown dissented, noting that Division One of the Court of Appeals has held that under the analogous adult criminal rules, all dismissals toll the speedy trial clock. We agree with Judge Brown and Division One.
The adjudicatory hearing of a juvenile who is not in custody must commence within 60 days following arraignment. JuCR 7.8(b). But the time between the dismissal of a charge and the refiling of the same or related charge is excluded in computing the speedy trial period, as is the time between the filing of a motion for revision of a court commissioner's ruling and the order deciding such a motion. JuCR 7.8(e)(4), (8).[1] The criminal rules pertaining to adults also exclude the time between a dismissal and the refiling of charges from the speedy trial period computation. CrR 3.3(g)(4). And as Division One has held, under the adult rules, "all dismissals have the effect of tolling the speedy trial period." State v. Bible, 77 Wash.App. 470, 471, 892 P.2d 116 (1995).
The purpose of the speedy trial rule is to provide "a prompt trial for the defendant once prosecution is initiated." State v. Edwards, 94 Wash.2d 208, 216, 616 P.2d 620 (1980). And both adult and juvenile speedy trial rules are designed to protect the constitutional right to a speedy trial. State v. Mack, 89 Wash.2d 788, 791-92, 576 P.2d 44 (1978). One of the purposes of the constitutional protection is to guard against inordinate delay between charging and trial.
*1291 Barker v. Wingo, 407 U.S. 514, 537, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (White, J., concurring). In light of this purpose, we see little sense in running the speedy trial clock after the prosecution has been dismissed, since the defendant is facing neither charges nor trial. See State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993) (court rules should be interpreted like statutes, giving effect to the intent of the drafters).
We reverse the Court of Appeals holding that the court commissioner's dismissal here did not toll the speedy trial period, and hold that any dismissal of a juvenile offense proceeding tolls the speedy trial clock. Since the proceedings below were otherwise within the permissible time limits of JuCR 7.8, we affirm Mr. Hoffman's conviction.
NOTES
[1] The juvenile court rules were amended effective September 1, 2003. While we cite the current rules, the applicable rules governing Mr. Hoffman's adjudication were substantially the same. Former JuCR 7.8(d)(4) excluded the time between dismissal and the refiling of the same charge, and former JuCR 7.8(d)(5) excluded the time between the filing of a motion to revise a commissioner's ruling and the order deciding the motion.