IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34579-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| RAFAELITO AGUSTIN, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Following a suppression decision by the juvenile court, the prosecutor decided there was insufficient admissible evidence to proceed with the prosecution of 16-year-old Rafaelito Agustin. She notified the defense and forwarded to the court an ex parte motion to dismiss the charges. But on the date set for the fact-finding hearing, the court announced that it viewed the admissible evidence as sufficient to proceed to trial, directed the State to call its witnesses, and at the conclusion of the evidence found Mr. Agustin guilty of one of two charges.

Addressing a question of first impression in Washington, we hold that the judicial branch's discretion to deny a government motion to dismiss criminal charges exists as a check on abuse of prosecutorial discretion, not to usurp or interfere with the good faith exercise of prosecutorial discretion. Nothing suggests that the State's decision to dismiss charges against Mr. Agustin was anything other than a good faith exercise of its charging authority. We reverse the disposition order and remand with directions to dismiss the charges against Mr. Agustin.

## FACTS AND PROCEDURAL BACKGROUND

On a morning in June 2016, Othello police officers responded to a report of juveniles smoking marijuana in an alley and encountered 16-year-old Rafaelito Agustin and several others. An officer saw Mr. Agustin drop a soda can to the ground; the can appeared to have been fashioned into a smoking device and smelled of marijuana. The officer also noticed ashes near Mr. Agustin's feet. During a search of Mr. Agustin, officers found a dried green leafy substance in his front left shirt pocket that looked and smelled like marijuana. A can of malt liquor was found in the trash nearby.

The arresting officer observed that Mr. Agustin's eyes were watery, bloodshot, and glassed over, and that he smelled of alcohol. A portable breath test administered to Mr. Agustin returned a blood alcohol level of .065. After being arrested, Mr. Agustin admitted to drinking malt liquor and smoking marijuana that morning. He was charged

2

with minor in possession and/or consumption of alcohol and unlawful (underage) possession of marijuana.

Mr. Agustin successfully moved to suppress much of the State's evidence against him. Following a CrR 3.5 hearing, the trial court suppressed evidence of the marijuana found in his shirt pocket, the results of the breathalyzer test, and Mr. Agustin's incriminating statements. It found that the soda can smoking device and malt liquor can had been abandoned, however, and ruled them admissible.

On the morning set for the fact-finding hearing, lawyers for the parties did not expect the case to go forward because the State had decided, and reported to the defense, that it viewed the remaining evidence as insufficient to convict and would dismiss the charges. It had forwarded an ex parte motion to dismiss to the court.

The juvenile court opened proceedings by asking to see the findings and conclusions prepared following the suppression hearing, and this exchange followed:

> [PROSECUTOR] . . . : I presented [the findings and conclusions] to defense counsel. But based on my prior motion to dismiss that I submitted, defense counsel was under the impression that we were dismissing (inaudible) that I filed the motion. It's—it's the state's belief that there's insufficient evidence (inaudible) hearing to proceed with his respondent on this matter.
> THE COURT: For the record I did receive ex parte a motion by the state to dismiss this case, which I did not sign.
> The reason I did not sign is that I did not suppress the—the soda can which was fashioned into a smoking device with the burnt residue which smelled like marijuana. I figured there is enough information still in this case to prosecute the defendant.
> I'm looking for the suppression findings and I'm looking for a trial.

3

> Do you have the suppression findings[?]
> [PROSECUTOR]:   I do, your Honor.
> [DEFENSE COUNSEL]:   And Judge, I didn't go through them
> because I just—handed it to me right now.  So I haven't—I was—
> THE COURT:   Look at—
> [DEFENSE COUNSEL]:   —told last week that it was being
> dismissed.  Otherwise I would have—filed something—.

Report of Proceedings at 67-68.

As directed by the court, the State proceeded to call its three witnesses; the

defense called none.  At the conclusion of the evidence and closing arguments, the court

found insufficient evidence to find Mr. Agustin guilty of minor in possession and/or

consumption of alcohol, but found him guilty of underage possession of marijuana.  It

sentenced him to 12 months' community supervision.

Mr. Agustin appeals.

## ANALYSIS

Mr. Agustin contends there was insufficient evidence to find him guilty of

underage possession of marijuana.  He also assigns error to what he contends was a

manifest abuse of discretion by the trial court when it denied the State's motion to

dismiss the case, arguing that for the court to refuse the State's request to dismiss the

charges violated constitutional separation of powers.  The State defends the trial court's

denial of its motion, taking the position that "[o]nce charges are filed, only the Court can

decide whether a case should be dismissed."  Br. of Resp't at 12.  While court rules

authorize the trial court to make the decision, it must wield only the power that the

4

constitution gives to the judicial branch. We find the separation of powers issue dispositive.

We review a trial court's decision on a prosecutor's motion to dismiss a criminal proceeding for abuse of discretion. *State v. Bible*, 77 Wn. App. 470, 471, 892 P.2d 116 (1995) (citing CrR 8.3(a)). A trial court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons. *Id.* Misapplying the law constitutes an abuse of discretion. *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001). Private parties have standing to challenge a violation of separation of powers even when the encroached-upon branch approves the encroachment. *State v. Rice*, 174 Wn.2d 884, 906, 279 P.3d 849 (2012). An appellant may raise a claimed violation of constitutional separation of powers for the first time on appeal. RAP 2.5(a)(3); *State v. Tracer*, 155 Wn. App. 171, 182, 229 P.3d 847 (2010), *reversed in part on other grounds by* 173 Wn.2d 708, 272 P.3d 199 (2012).

"Under Washington's constitution, governmental authority is divided into three branches—legislative, executive, and judicial—and '[e]ach branch of government wields only the power it is given.'" *Rice*, 174 Wn.2d at 900 (alteration in original) (quoting *State v. Moreno*, 147 Wn.2d 500, 505, 58 P.3d 265 (2002)). "This constitutional division of government is 'for the protection of individuals' against centralized authority and abuses of power." *Id.* at 900-01 (internal quotation marks omitted) (quoting *Guillen v. Pierce County*, 144 Wn.2d 696, 731, 31 P.3d 628 (2001), *rev'd in part on other grounds,*

5

537 U.S. 129, 123 S. Ct. 720, 154 L. Ed. 2d 610 (2003)). The division of governmental

authority "is especially important within the criminal justice system"; separation of

powers "ensures that individuals are charged and punished as criminals only after a

confluence of agreement among multiple governmental authorities, rather than upon the

impulses of one central agency." *Id.* at 901. In the criminal justice system, "legislative

authority must be exercised to define crimes and sentences," "executive power must be

applied to collect evidence and seek an adjudication of guilt in a particular case," and

"judicial power must be exercised to confirm guilt and to impose an appropriate

sentence." *Id.*

A prosecuting attorney's charging prerogative required by separation of powers

has informed legislation and been held to limit judicial review in other contexts. Our

Supreme Court has observed that the Sentencing Reform Act of 1981 (SRA), chapter

9.94A RCW, reflects a legislative intent that a prosecutor's charging decisions are

generally not subject to judicial review. *See State v. Lewis*, 115 Wn.2d 294, 299, 797

P.2d 1141 (1990); *State v. Korum*, 157 Wn.2d 614, 625-26, 141 P.3d 13 (2006) (both

citing DAVID BOERNER, SENTENCING IN WASHINGTON: A LEGAL ANALYSIS OF THE

SENTENCING REFORM ACT OF 1981 § 12.24, at 12-47 (1985) to this effect). In *Lewis*, the

Supreme Court rejected a defendant's argument that the State's decision to conduct

multiple controlled buys before arresting him amounted to overcharging and misconduct,

holding that when to arrest and whether to charge the buys separately or as one charge is

6

a decision for the prosecutor. In *Korum*, the court held that in a system that tolerates and encourages the negotiation of guilty pleas, a prosecutor's stated intention to file additional charges if a plea is rejected does not give rise to a presumption of vindictiveness that warrants vacating the convictions.

The need for the judiciary not to substitute its judgment for that of a prosecutor was also discussed in *State v. Dixon*, 114 Wn.2d 857, 792 P.2d 137 (1990), a case dealing with preaccusatorial delay as a basis for dismissing charges. The prosecutor's reasons for delay are a factor considered in determining whether the loss of juvenile court jurisdiction due to preaccusatorial delay violates due process. In *Dixon*, the court cautioned that because "reasonable persons often will reach conflicting conclusions as to when evidence is sufficient to obtain a conviction" courts should infringe upon prosecutorial discretion "only where reasonable minds would concur that the delay was unwarranted." 114 Wn.2d at 863. "'Judges are not free . . . to impose on law enforcement officials our 'personal and private notions' of fairness and to 'disregard the limits that bind judges in their judicial function.'" *State v. Lidge*, 111 Wn.2d 845, 850, 765 P.2d 1292 (1989) (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)).

We turn to CrR 8.3, which deals with both State and defense motions to dismiss criminal charges. Where the motion is made by the State, CrR 8.3(a) provides that upon a written motion of the prosecuting attorney setting forth the reasons therefor, "[t]he court

7

*may, in its discretion* . . . dismiss an indictment, information or complaint." (Emphasis added). The rule places no qualifications on the court's discretion, yet our Supreme Court has recognized that some reasons for a State motion to dismiss may be "inappropriate." In *State v. Edwards*, 94 Wn.2d 208, 214, 616 P.2d 620 (1980), for example, the Court stated that "[a]n attempt to avoid the speedy trial rule would be an inappropriate reason for dismissal." The few reported Washington cases in which a ruling on a *prosecutor's* motion to dismiss was appealed involve defense objections that dismissal was requested for an inappropriate reason. *See Bible*, 77 Wn. App. at 471 (objecting that the dismissal requested by the State should have been *with* prejudice, because it sought the dismissal to avoid the speedy trial rule and had mismanaged the case); *State v. Kone*, 165 Wn. App. 420, 430, 266 P.3d 916 (2011) (objecting that dismissal of a charge without prejudice would impact defendant's time-to-trial rights and prevent him from receiving effective assistance of counsel). The State cites no Washington case in which a court denied a prosecutor's motion to dismiss a charge it believed it could not prove, nor have we identified any.

Our Supreme Court's decision in *Rice* supports the conclusion that a trial court may not deny a prosecutor's request to dismiss a charge the prosecutor believes is unsupported by sufficient evidence. In that case, the court examined legislation providing that prosecuting attorneys "shall" file special allegations of sexual motivation in certain criminal cases when sufficient admissible evidence exists to support such a

8

finding. Notwithstanding legislative language that prosecuting attorneys "shall" file the special allegation, the court found the legislation to be directory, not mandatory, largely because "the challenged statutes would be unconstitutional if they were mandatory." 174 Wn.2d at 889. "The charging discretion of prosecuting attorneys is an integral part of the constitutional checks and balances that make up our criminal justice system." *Id.*

> A prosecuting attorney's most fundamental role as both a local elected official and an executive officer is to decide whether to file criminal charges against an individual and, if so, which available charges to file. This "most important prosecutorial power" allows for the consideration of individual facts and circumstances when deciding whether to enforce criminal laws, and permits the prosecuting attorney to seek individualized justice; to manage resource limitations; to prioritize competing investigations and prosecutions; to handle the modern "proliferation" of criminal statutes; and to reflect local values, problems, and priorities.

*Id.* at 901-02.

If the legislative branch cannot mandate that the executive branch prosecute a charge if it is supported by sufficient evidence, then neither can the judicial branch. It is consistent with *Rice* to limit a court's discretion to deny a prosecutor's CrR 8.3(a) motion to situations where the prosecutor's reasons for wishing to dismiss a charge stray from the legitimate prosecutorial considerations identified in *Rice* and violate either the defendant's rights or the public interest. "[A] prosecuting attorney's exercise of charging discretion is not entirely unfettered." *Rice*, 174 Wn.2d at 903.

This construction of CrR 8.3(a) is supported by decisions of federal courts applying federal separation of powers principles. Under Federal Rules of Criminal

9

Procedure Rule 48(a), "The government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). In its only decision addressing the extent of a court's discretion under Rule 48(a), the United States Supreme Court addressed the extent of a court's discretion only vaguely, but suggested it is narrow:

> The principal object of the "leave of court" requirement is apparently to protect a defendant against prosecutorial harassment, *e. g.,* charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection. See, *e. g., United States* v. *Cox,* 342 F. 2d 167, 171 (CA5), cert. denied, *sub nom. Cox* v. *Hauberg,* 381 U. S. 935[, 14 L. Ed. 2d 700, 85 S. Ct. 1767] (1965); *Woodring* v. *United States,* 311 F. 2d 417, 424 (CA8), cert. denied, *Felice* v. *United States,* 373 U. S. 913[, 10 L. Ed. 2d 414, 83 S. Ct. 1304] (1963). But the Rule has also been held to permit the court to deny a Government dismissal motion to which the defendant has consented if the motion is prompted by considerations clearly contrary to the public interest. *See United States* v. *Cowan,* 524 F. 2d 504 (CA5 1975); *United States* v. *Ammidown,* 162 U. S. App. D. C. 28, 33, 497 F. 2d 615, 620 (1973).

*Rinaldi v. United States,* 434 U.S. 22, 29 n.15, 98 S. Ct. 81, 54 L. Ed. 2d 207 (1977) (per curiam).

Federal circuit courts of appeal have examined the scope of judicial branch discretion under Rule 48(a) more closely. In a frequently cited opinion, the Fifth Circuit Court of Appeals construed the rule in a case in which a district court denied a government motion to dismiss an indictment, the United States Attorney responded by filing notice of intention not to prosecute, and the court appointed special prosecutors to proceed, relying on its authority under Rule 48(a). *United States v. Cowan,* 524 F.2d 504, 507 (5th Cir. 1975). Reversing the district court, the Fifth Circuit concluded that the

10

phrase "'by leave of court'" in Rule 48(a) was not intended to "confer on the Judiciary

the power and authority to usurp or interfere with the good faith exercise of the Executive

power to take care that the laws are faithfully executed." *Id.* at 513.

> Rather, it was intended as a power to check power. The Executive remains
> the absolute judge of whether a prosecution should be initiated *and the first
> and presumptively the best judge of whether a pending prosecution should
> be terminated. The exercise of its discretion with respect to the termination
> of pending prosecutions should not be judicially disturbed unless clearly
> contrary to manifest public interest.* In this way, the essential function of
> each branch is synchronized to achieve a balance that serves both practical
> and constitutional values.

*Id.* (emphasis added), *accord United States v. Pimentel*, 932 F.2d 1029, 1033 n.5 (2nd

Cir. 1991) (dictum); *United States v. Miller*, 722 F.2d 562, 566 (9th Cir. 1983); *and see

In re Richards*, 213 F.3d 773, 787 (3d Cir. 2000) ("Courts have equated a dismissal that

is clearly contrary to the public interest with one in which the prosecutor appears

motivated by bribery, animus towards the victim, or a desire to attend a social event

rather than trial."); *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010) (a Rule 48 motion

that is not motivated by bad faith is not clearly contrary to manifest public interest must

be granted); *United States v. Romero*, 360 F.3d 1248, 1251 (10th Cir. 2004) (unless

dismissal is clearly contrary to manifest public interest, a district court is required to

grant a prosecutor's Rule 48(a) motion to dismiss); *United States v. Jacobo-Zavala*, 241

F.3d 1009, 1012, 1014 (8th Cir. 2001) (district court overstepped its authority when it

11

denied the government's' leave to dismiss, "essentially exercising judicial review of the prosecutor's exercise of executive authority").

We hold that because a trial court's discretion to deny a prosecuting attorney's motion to dismiss under CrR 8.3(a) must be exercised with due regard for constitutional separation of powers, a court may deny such a motion only when the prosecuting attorney offers an inappropriate reason. In this case, the prosecutor's belief that the admissible evidence would not support conviction was an appropriate reason for moving to dismiss the charges.

We emphasize that this is not a case in which a prosecutor merely expressed doubts or reservations about the sufficiency of the evidence should a motion to suppress be granted, or after such a motion was granted. Prosecutors and trial courts must be able to speak candidly about such issues without creating a risk that we will reverse a conviction on appeal. Here, however, the prosecutor had come to the belief that the evidence was insufficient and that charges should be dismissed, had communicated that decision to the defense, and had filed a written motion with the juvenile court. Mr. Agustin's separation of powers challenge is persuasive despite the State's acquiescence in the court's usurpation of its discretion.

No. 34579-3-III
*State v. Agustin*

We reverse and remand with directions to dismiss the charge of underage

possession of marijuana.

Siddoway, J.

WE CONCUR:

Fearing, C.J.

Lawrence-Berrey, J.

13