**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59094-8-II |
| Appellant, | |
| v. | |
| W.H., | PUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—WH was 17 years old when he allegedly attacked his girlfriend, strangled her, threatened to kill her, and stabbed her pet. The State charged him in juvenile court with second degree assault by strangulation, harassment—threat to kill, first degree animal cruelty, and third degree malicious mischief, all with domestic violence designations. After WH turned 18, the State moved to dismiss the charges without prejudice because of difficulty communicating with the alleged victim. The trial court dismissed the charges with prejudice instead, based on its conclusion that WH would have to be tried as an adult if the case were later refiled. The State appeals and contends that the trial court abused its discretion by ending the State's case permanently on the State's CrR 8.3(a) motion to dismiss without prejudice.

We agree with the State and reverse because the Washington Supreme Court has held that dismissal with prejudice before the expiration of the time-for-trial period is an extraordinary remedy that is inappropriate absent consideration of intermediate alternatives. Where the State has moved to dismiss without prejudice under CrR 8.3(a), the trial court may grant the motion as brought. The trial court may also deny the motion, giving the State the remainder of the time-for-trial period to develop its evidence or determine whether to proceed without the uncooperative

witness; and if the time for trial expires, the trial court may then dismiss with prejudice under CrR 3.3(h) or JuCR 7.8 (h). The trial court also has authority under CrR 8.3(b) to dismiss charges on its own motion with or without prejudice, but it must apply the standards set forth in that subsection of the rule and find arbitrary action or governmental misconduct and prejudice to the defendant.

We conclude that the trial court does not have authority under CrR 8.3(a) to resolve a State's motion to dismiss *without* prejudice by dismissing the charges *with* prejudice. We therefore reverse and remand for proceedings consistent with this opinion. We note that on remand, the recent amendments to former RCW 13.40.300 (2019) (Laws of 2024, ch. 117, § 1) will apply because this case is still pending and not yet final.

FACTS

I. BACKGROUND

In August 2022, Officer Nathan Swanson was dispatched to investigate an assault. The reporting party informed Swanson that the party's daughter, KM, had been attacked in her apartment by WH, her 17-year-old boyfriend. At that time, KM told Swanson about the incident and he recorded the details in a narrative report.

KM alleged that she and WH had been fighting for a few days after he accused her of cheating on him, demanded that she be screened for sexually transmitted diseases, and then threatened to harm her. Over the next few days, KM reported that WH became increasingly aggressive, grabbing her and yelling at her. At one point, KM alleges, WH held up a knife to her arm and told her to kill herself.

The fighting culminated when WH came to KM's apartment in the middle of the night and assaulted her multiple times. KM told Swanson that during the incident, WH came into her room, ripped up her clothes, and smashed her belongings. Then, while she was lying on the bed, WH

shoved her head into the wall and strangled her. He then dragged her by her hair off the bed onto the floor and then onto the couch, where he threatened to kill her and strangled her again. KM could not breathe, made choking noises, and saw spots. WH allegedly took KM's pet lizard out of its cage and stabbed it in the head with a pair of scissors before leaving the apartment. KM hid in her bathroom while she waited for help to arrive.

The State charged WH with second degree assault by strangulation, harassment—threats to kill, first degree animal cruelty, and third degree malicious mischief. WH made a preliminary appearance on those charges in juvenile court. The State transferred the case to adult court after adding charges for attempted second degree murder and, in the alternative, second degree attempted felony murder.

A year later, before proceeding to trial, the State requested that the trial court transfer the case back to juvenile court, dismissing the attempted murder charges, because juvenile court would "provide the services necessary, and the charges more accurately reflect the actions of [WH]." Clerk's Papers (CP) at 44. WH was rearraigned under his original juvenile cause number. WH pleaded not guilty to the charges in juvenile court. The trial court set a 60-day time for trial. At that time, the State advised the trial judge of its attempts to contact KM.

## II. CrR 8.3(a) HEARING

WH's date of birth is December 1, 2004, and he turned 18 on December 1, 2022. WH will turn 21 on December 1, 2025.

Four days before WH's time for trial was to expire, in early December 2023, the State moved to dismiss the charges without prejudice under CrR 8.3(a) because "based on prior conversations with [KM] and her advocate, and recent lack of participation, she is not in a[n] emotional position for the case to move forward at this time." CP at 9. WH's counsel also had not

been able to reach KM after trying for "about six months." Verbatim Rep. of Proc (VRP) (Mot. Hr'g) at 2.

WH objected and asked the trial court to dismiss with prejudice. The State volunteered that WH would suffer prejudice if the case were dismissed without prejudice because at that time, if charges were refiled, juvenile jurisdiction could no longer be extended because he was over 18.

Relying on *State v. Bible*, 77 Wn. App. 470, 892 P.2d 116 (1995), the trial court concluded that under CrR 8.3(a), it had discretion to grant the State's motion with or without prejudice. In *Bible*, Division One held that to properly grant a CrR 8.3(a) motion without prejudice, the State must have a reason for dismissal apart from the running of the speedy trial clock, and the trial court must evaluate prejudice to the defendant if the case were dismissed. 77 Wn. App. at 472.

In this case, the trial court determined that the State had a reasonable cause for dismissal but there would be undue prejudice to WH if the court were to dismiss without prejudice due to the loss of juvenile jurisdiction. The trial court noted that it is a prevailing interest of justice to give victims the opportunity to be heard and to have their interests addressed in a criminal proceeding. However, in weighing KM's interest against the consequences to WH, the court explained that dismissal without prejudice would put WH in far greater jeopardy than he would be if KM were willing and able to come forward while the case could be tried in juvenile court. The trial court did not want to "diminish[] the difficulty that she's experiencing or may be experiencing here," but the court ultimately concluded "there would be undue prejudice to [WH] if the [c]ourt were to dismiss this without prejudice." VRP (Dismissal Hr'g) at 5. The trial court thus dismissed the case with prejudice. The trial court did not find that the State had mismanaged the case, acted arbitrarily, or engaged in misconduct. The State now appeals.

ANALYSIS

The State argues that the trial court abused its discretion by misinterpreting and misapplying CrR 8.3(a) by dismissing the case *with* prejudice on the State's motion to dismiss *without* prejudice. The State urges us to adopt a reading of CrR 8.3(a) that acknowledges the trial court's discretion to either grant or deny a State motion as brought, but the State contends we should not expand the trial court's authority under CrR 8.3(a) to permanently dismiss the State's charges with prejudice when the State moved only to dismiss without prejudice. The State nevertheless recognizes the trial court's separate authority to dismiss with or without prejudice under CrR 8.3(b), so long as the prerequisites of that subsection are met, including a finding of governmental misconduct or arbitrary action.

In contrast, WH argues that the trial court had discretion under CrR 8.3(a) to dismiss with prejudice, even though the State's motion was for dismissal without prejudice. WH contends that the trial court needed only find that WH would be unfairly prejudiced if the charges were refiled in order to dismiss under CrR 8.3(a) with prejudice.

For the reasons explained below, we agree with the State.

A.      CrR 8.3 Motions to Dismiss Criminal Charges

We review a trial court's decision on a prosecutor's motion to dismiss a criminal proceeding for abuse of discretion. *Bible*, 77 Wn. App. at 471. A trial court abuses its discretion when its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons. *Id.* "A reviewing court may not find abuse of discretion simply because it would have decided the case differently—it must be convinced that 'no reasonable person would take the view adopted by the trial court.'" *State v. Salgado-Mendoza*, 189 Wn.2d 420, 427, 403 P.3d 45 (2017) (internal quotation marks omitted) (quoting *State v. Perez-Cervantes*, 141 Wn.2d 468, 475, 6 P.3d

5

1160 (2000)). Misapplying the law constitutes an abuse of discretion. *State v. Neal*, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001).

Under CrR 8.3, there are three avenues for dismissal of a criminal case. First, CrR 8.3(a) provides that on a motion from the State, "[t]he court may, *in its discretion*, *upon written motion of the prosecuting attorney* setting forth the reasons therefor, dismiss an indictment, information or complaint." (Emphasis added.)[1] Second, under CrR 8.3(b), the trial court, "in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." Third, the defendant may move for pretrial dismissal under CrR 8.3(c) "due to insufficient evidence establishing a prima facie case of the crime charged" and if granted, the motion shall be dismissed "without prejudice." CrR 8.3(c)(4). CrR 8.3(c) is the only subsection that mentions whether dismissal must be with or without prejudice.

Construction of a court rule is a question of law that we review de novo. *State v. Robinson*, 153 Wn.2d 689, 693 107 P.3d 90 (2005). We apply canons of statutory interpretation to court rules as well. *Id.* at 692. As with methods of statutory interpretation, we strive to determine and carry out the drafters' intent. *Phongmanivan v. Haynes*, 195 Wn.2d 309, 313, 458 P.3d 767 (2020). We examine the rule's plain meaning not in isolation but in context, considering its text, surrounding context, related provisions, and the regulatory scheme as a whole. *Id.* If the rule is subject to only one reasonable interpretation, then it is unambiguous and "'our inquiry ends'" because no further interpretation is necessary. *State v. Jieta*, 12 Wn. App. 2d 227, 231, 457 P.3d 1209 (2020) (quoting *City of Seattle v. Holifield*, 170 Wn.2d 230, 237, 240 P.3d 1162 (2010)). Finally, we avoid

---

[1] CrR 8.3 applies in juvenile court proceedings under JuCR 1.4(b).

interpreting court rules in a manner that would render substantive portions of the rules meaningless. *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 381-82, 374 P.3d 63 (2016).

The Washington Supreme Court has stated governing principles regarding dismissal of criminal charges under CrR 8.3. In *State v. Wilson*, the Washington Supreme Court held that "dismissal under CrR 8.3 is an extraordinary remedy, one to which a trial court should turn only as a last resort." 149 Wn.2d 1, 12, 65 P.3d 657 (2003). Courts should consider all intermediate remedial steps before dismissing. *Id.* at 12. Although *Wilson* specifically involved application of CrR 8.3(b), the court articulated these principles as applying to CrR 8.3 more generally, and because dismissal without agreement from the State is an extraordinary remedy, we see no reason why these principles should not apply to all prongs of CrR 8.3.

A dismissal without prejudice under CrR 8.3 has the effect of tolling the speedy trial period under CrR 3.3(e)(4). Division One has held that "a sufficient reason must exist apart from the running of the speedy trial period to justify a dismissal without prejudice under CrR 8.3(a)," and "the trial court must evaluate possible prejudice to the defendant." *Bible*, 77 Wn. App. at 472. In *Bible*, the trial court granted the State's CrR 8.3(a) motion to dismiss without prejudice. *Id.* at 471. Bible appealed, arguing that the dismissal should have been with prejudice because the State sought the dismissal to avoid the speedy trial rule and had mismanaged the case. *Id.* Division One rejected Bible's argument that the State had failed to exercise due diligence, it did not find any prejudice to the defendant, and it affirmed the trial court's dismissal without prejudice. *Id.* at 472-73.

We note two important aspects of the *Bible* decision. First, the *Bible* court did not discuss what the appropriate remedy should be if the trial court concludes that the defendant would experience undue prejudice if dismissal without prejudice were granted: whether the court should

dismiss with prejudice instead or simply deny the State's motion with the consequence that the time-for-trial clock keeps ticking. *Id.* Second, the trial court in *Bible* in fact examined both the CrR 8.3(b) factors—the extent of State arbitrary action or misconduct and prejudice to the defendant— even though the court purported to be analyzing the dismissal under CrR 8.3(a). *Id.* at 471. The Court of Appeals then similarly discussed whether the State had acted with due diligence when it failed to subpoena a witness. *Id.* at 473.

B.     The Trial Court Improperly Dismissed with Prejudice without Exhausting Other Remedial Steps

Here, the State claims that the trial court misinterpreted *Bible* by relying on it to dismiss with prejudice when the State brought a motion for dismissal without prejudice. According to the State, *Bible* merely "stands for the proposition 'that a sufficient reason must exist apart from the running of the speedy trial period to justify a dismissal without prejudice under Cr 8.3(a).'" Opening Br. of Appellant at 11 (quoting *Bible*, 77 Wn. App. at 472). The State claims by dismissing with prejudice, the trial court effectively acted sua sponte or on a request from WH, granted a motion to dismiss with prejudice without the requisite 8.3(b) finding of State arbitrary action or misconduct. WH responds that the rule does not prevent the trial court from exercising discretion as to whether to grant an 8.3(a) motion with or without prejudice.

Considering first the plain language of CrR 8.3(a), the rule states that the trial court may dismiss criminal charges "in its discretion *upon written motion of the prosecuting attorney*." (Emphasis added.) Subsection (a) does not allow the trial court to exceed the scope of a State motion and dismiss with prejudice, permanently ending the State's case. We acknowledge that the plain language of CrR 8.3(a) does not expressly limit the trial court to dismissing either with or without prejudice, unlike the related provision in CrR 8.3(c)(4) that expressly states the court shall grant a defendant's motion for dismissal only "without prejudice." CrR 8.3(c)(4)'s limitation to

dismissal without prejudice secures flexibility for the State to refile the charges "[b]ecause the legal and substantive issues are generally not resolved." *State v. Taylor*, 150 Wn.2d 599, 602, 80 P.3d 605 (2003). CrR 8.3(a) also gives the State flexibility by letting it decide how to bring its own motion (with or without prejudice) prior to the expiration of the time for trial, and the trial court does not have discretion to exceed the scope of that motion. This reasoning avoids the potential chilling effect on the State, which could be reluctant to bring a motion to dismiss without prejudice for fear that the trial court will dismiss with prejudice. Before the expiration of the time for trial, the State is entitled to have its motion—here a motion to dismiss without prejudice—granted or denied as the motion was brought because there is still time to resolve substantive issues at trial.

The Washington Supreme Court has long acknowledged the prosecution's broad discretion to manage their own case, for example, by determining the nature and number of charges to bring (or not to bring) and when to file them. *See State v. Rice*, 174 Wn.2d 884, 279 P.3d 849 (2012); *see also City of Kennewick v. Fountain*, 116 Wn.2d 189, 802 P.2d 1371 (1991). Similarly, under CrR 8.3(a), there is no language limiting a prosecutor's discretion to bring a motion to dismiss charges with or without prejudice. And the Supreme Court has emphasized that it is extraordinary to dismiss charges with prejudice without agreement from the State. *See Wilson*, 149 Wn.2d at 12. WH does not point to an example of any case where dismissal with prejudice, particularly when the State requested dismissal without prejudice, has been upheld absent expiration of the time for trial or a finding the State committed arbitrary action or governmental misconduct.

If the trial court is concerned about prejudice that might result from granting a CrR 8.3(a) motion without prejudice, it must not ignore "'intermediate remedial steps'" or "reasonable alternatives" short of dismissing with prejudice. *Wilson,* 149 Wn.2d at 12 (quoting *State v. Koerber*, 85 Wn. App. 1, 4, 931 P.2d 904 (1996)); *Koerber*, 85 Wn. App. at 4. In this situation, the

9

trial court could deny the motion, leaving the State to deal with a ticking time-for-trial clock with the knowledge that if it expires without a continuance, the result will be dismissal with prejudice under CrR 3.3(h) or JuCR 7.8(h).[2] Additionally, if the trial court believes that a dismissal without prejudice is inappropriate because of prejudice to the defendant, it could say so and give the State the chance to withdraw its motion. But until the time for trial runs out, the State should have the opportunity to proceed with its case. An alleged victim may be encouraged to testify and have their day in court if they know it is now or never. And knowing the alternative is dismissal with prejudice, the State might decide to proceed to trial without the alleged victim's testimony. The trial court's dismissal with prejudice here deprived the State and KM of these intermediate alternatives.

Of course, the trial court could turn to CrR 8.3(b) sua sponte and evaluate whether it wants to dismiss with prejudice on its own motion as opposed to granting the motion the State brought. But this option requires the trial court to address the CrR 8.3(b) requirements. Interestingly, the trial court in *Bible* effectively applied the CrR 8.3(b) standards of arbitrary action or governmental misconduct and prejudice to the defendant when considering whether dismissal without prejudice was appropriate. 77 Wn. App. at 471. After considering both, the *Bible* trial court dismissed the case without prejudice, and Division One affirmed after considering whether the State acted with due diligence. *Id.* at 472-73.

---

[2] WH argues that under *State v. Agustin*, 1 Wn. App. 2d 911, 407 P.3d 1155 (2018), separation of powers prevents the trial court from denying a State's motion to dismiss under CrR 8.3. But the *Agustin* court's holding is more limited than WH contends. The *Agustin* court was careful to limit its holding that a trial court cannot effectively overrule the prosecutor's discretion when the prosecutor has determined that there is insufficient evidence to support the charges brought against the defendant. *Id.* at 919. *Agustin* did not address a situation where the prosecutor has brought a motion to dismiss without prejudice because they believe a reluctant witness may decide to cooperate in the future.

WH argues that *Bible* suggests, but does not explicitly say, that there are circumstances when a dismissal with prejudice under CrR 8.3(a) would be appropriate. In other words, if the trial court is limited to granting or denying the State's motion as presented, then much of the *Bible* court's analysis would have been unnecessary. But here, unlike in *Bible*, the trial court dismissed the State's case against WH *with* prejudice without addressing any findings of arbitrary action or governmental misconduct. The trial court here only addressed prejudice, finding that, although the State provided a proper basis for dismissal, the loss of juvenile jurisdiction was "undue prejudice to [WH]." VRP (Dismissal Hr'g) at 5. Unlike in *Bible*, the trial court here dismissed the case based on prejudice to WH alone with no ability for the State to refile. Thus, we decline to interpret *Bible* as allowing dismissal with prejudice under this set of facts.

In sum, we conclude that when the State brings a motion to dismiss under CrR 8.3(a), the trial court must address that motion as brought, granting it or denying it. If the motion is brought without prejudice, and the trial court is not inclined to grant the motion, it has intermediate options short of dismissal with prejudice. The trial court can deny the State's motion, leaving the State with a ticking time-for-trial clock. If a continuance is not available, the State can proceed to trial with the evidence it has or the case may be dismissed with prejudice after expiration of the time for trial under CrR 3.3(h) or JuCR 7.8(h). The trial court can also address dismissal under CrR 8.3(b) on its own motion, but it must find arbitrary action or governmental misconduct and prejudice to the defendant in order to dismiss with prejudice under that prong of the rule. Here, because the trial court did not opt for one of these permissible options, we reverse and remand for further proceedings consistent with this opinion.

We acknowledge that in the intervening time since the trial court's order and the State's notice of appeal, the Washington legislature adopted an amendment to former RCW 13.40.300 in

11

2024. *See* LAWS OF 2024, ch. 117, § 1. The amendment extends juvenile court criminal jurisdiction to individuals who were under the age of 21 at the time of the filing of the information for crimes committed when they were under the age of 18. RCW 13.40.300(2)(a)(i). The amendment became effective on June 6, 2024. Because we reverse the trial court's dismissal of the charges against WH with prejudice, and the amendments to RCW 13.40.300 apply to all cases in which charges are pending on the effective date of this section. The statutory amendments will apply on remand.

CONCLUSION

We hold the trial court does not have the discretion to decide whether to dismiss with or without prejudice on a State's CrR 8.3(a) motion to dismiss without prejudice. The State is entitled to have its motion either granted or denied as it was brought in order to preserve the State's right to use the rest of its time for trial. We reverse the trial court's dismissal of WH's charges with prejudice and remand for further proceedings consistent with this opinion.

GLASGOW, J.

We concur:

VELJACIC, A.C.J.

CHE, J.